# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2849 | **DATE** | 12/13/2000 |
| **CASE TITLE** | SUBURBAN TEAMSTERS et al vs. P.F. D'ANNA, INC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, plaintiffs' motion for summary judgment is granted. Plaintiffs' request for an injunction is denied. Judgment is entered in favor of plaintiffs et al and against defendant in the amount of $149,530.96.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 1 4 2000 date docketed | 15 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 DEC 14 AM 7: 36 | 12/13/2000 date mailed notice | |
| JS | courtroom deputy's initials | | JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUBURBAN TEAMSTERS OF NORTHERN )
ILLINOIS WELFARE AND PENSION FUNDS, )
)
Plaintiffs, )
)
v. ) No. 00 C 2849
)
P.F. D'ANNA, INC., an Illinois corporation, )
)
Defendant. )
)
)

**DOCKETED**
**DEC 1 4 2000**

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Suburban Teamsters of Northern Illinois Welfare and Pension Funds filed suit against defendant P.F. D'Anna, Inc., alleging that defendant is delinquent on welfare and pension contributions due under a collective bargaining agreement. Defendant answered the complaint, stating that contributions were not due for the employees in question because they were not union members, and contributions were due only for union members. Plaintiff subsequently filed a motion for summary judgment, along with a 56.1(a) statement of undisputed material facts. Defendant's response to the motion was due on November 30, 2000. This court's clerk placed a call to defense counsel on December 4, 2000, reminding counsel that the brief was overdue. As of this date, December 12, 2000, plaintiff has still not filed a response to the motion, or requested an extension of time in which to do so. Accordingly, all of the facts in plaintiff's 56.1(a) statement are deemed admitted. Local Rule 56.1(b)(3). For the following reasons, plaintiff's motion for summary



judgment is granted.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 106 S. Ct. 2548, 2553 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

## ANALYSIS

Plaintiff's uncontested facts demonstrate that defendant signed a Teamster collective bargaining agreement in June 1, 1994. Article 9 of the Welfare contract and Article 10 of the Pension contract provided: "The Employer shall pay . . . for each regular employee covered by this Agreement who performs any work in such a week into a trust fund set up by the Trust Agreement now in effect." Since that time, defendant's president has paid contributions on behalf of himself, but not on any other employees performing truck driving work, which is bargaining unit work under the contract, despite the fact that contributions were due on behalf of all persons performing bargaining unit work. Undisputed audits of the company show that defendant owes $94,261.74 in pension and welfare contributions for the time period of January 1, 1996 through December 31, 1999. The undisputed audits also show that defendant owes $30,347.40 in pension and welfare

2

contributions for the time period of January 1, 2000 to September 30, 2000.

Defendant apparently intended to defend this action on the basis that contributions were not due on behalf of non-union members, even if they performed the same bargaining unit work under the collective bargaining agreement. That, however, is an erroneous defense. The law of the Seventh Circuit is clear that contributions are owed upon all persons performing bargaining unit work, and that an employer may not selectively pay contributions for some employees, but not others, who are performing the same type of work. Central States Pension Fund v. Gerber Truck Servs., 870 F.2d 1148, 1151-52 (7th Cir. 1989); Moriarty v. Lewis Funeral Directors Ltd., 150 F.3d 773, 774 (7th Cir. 1998) (collecting cases). Here, defendant has done precisely that -- signed an agreement promising to pay contributions on behalf of all workers performing bargaining unit work, and then only paid contributions on behalf of its president. That the company's president was the only member of the Teamsters Union working for defendant is no defense. "Labor agreements cover whole bargaining units, not just union members, and union membership plays no role in the administration of multi-employer pension and welfare funds under ERISA." Moriarty, 150 F.3d at 776. (citing 29 U.S.C. § 158(a)(3)).

Defendant also answered plaintiff's complaint by way of an affirmative defense that the collective bargaining agreement had terminated on May 16, 2000. Defendant's president defended this position in his deposition by stating that the Funds had sent him a letter in May, 2000 purporting to terminate the agreement on the basis that defendant's president was a one-man unit under the NLRB Rules. However, defendant had resisted an audit prior to that time, and a subsequent audit, performed in July 2000, showed that defendant in fact employed other employees who performed bargaining unit work, and was therefore not a one-man bargaining unit. Accordingly, the purported

termination letter was based upon defendant's written misrepresentations in its report forms regarding the number of persons the corporation employed. For that reason, the purported termination is a nullity.

Because defendant has not disputed any material facts showing that it owes contributions on behalf of employees who performed bargaining unit work, and because none of the defenses raised in defendant's answer are valid, defendant must pay contributions due as of September 30, 2000, in the amount of $124,609.14. In addition, defendant must pay liquidated damages in the amount of 20% of the contributions due, $24,921.02. Awards of liquidated damages are mandatory in an action in which judgments in favor of the plan is awarded. Gerber Truck Servs., 870 F.2d at 1156.

Finally, plaintiff Funds seek an injunction enjoining defendant from further work without current contributions being paid, disbursing assets to another creditor, or transferring assets to any other employer or alter ego before paying the plaintiff Funds. In support of the injunctive relief request, plaintiff Funds cite Gould v. Lambert Excavating, Inc., 870 F.2d 1214, 1218 (7th Cir. 1989), where the Seventh Circuit upheld the district court's injunction against an employer. However, in that case, the district court had found that the actuarial soundness of the plaintiff funds was being jeopardized by defendant's failure to make its required contributions to the plaintiffs. Id. Here, the plaintiff Funds have made no such showing. Accordingly, plaintiffs have not met their burden of demonstrating a likelihood of irreparable injury or that they have no adequate remedy at law. Plaintiffs' request for an injunction must therefore be denied.

## CONCLUSION

For the reasons stated, summary judgment is GRANTED to plaintiffs Suburban Teamsters Welfare and Pension Funds. Judgment is entered in plaintiffs' favor in the amount of $149,530.96

($124,609.14 in delinquent contributions as of September 30, 2000 plus $24,921.02 in liquidated damages). Plaintiff Funds' request for an injunction is DENIED.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN

United States District Judge

DATE: December 12, 2000